UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                    Plaintiff,

    v.                                 5:12-cv-130

LAWRENCE J. ROLAND,

                    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
UNITED STATES OF AMERICA,

                    Plaintiff,

    v.                                 8:12-cv-134

WILLIAM D. DOWSTRA,

                    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
UNITED STATES OF AMERICA,

                    Plaintiff,

    v.                                 5:12-cv-140

FRANCIS L. SNYDER,

                    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
UNITED STATES OF AMERICA,

                    Plaintiff,

    v.                                 1:12-cv-153

JOHN J. KELLEHER,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
UNITED STATES OF AMERICA,

                              Plaintiff,

        v.                                     1:12-cv-144

CHRISTOPHER R. LYONS,

                              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

In each of the above-referenced cases, the United States of America moves for a default judgment in connection with the defendants' failure to repay student loans or other promissory notes. The Complaint in each of the cases allege that the Defendants executed promissory notes to secure loans from the Department of Education and that they have failed to repay loans in full. These allegations, which are deemed admitted by Defendants' failure to respond, see Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993); Greyhound Exhibitgroup., Inc., v. E.L.U.L. Realty Group Corp., 973 F.2d 155, 158 (2d Cir. 1992), are sufficient to establish Defendants' liability.

"While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974). "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." "The burden is on the plaintiff to establish its entitlement to recovery." Bravado Int'l Group Merch. Servs. v.

Ninna, Inc., 655 F. Supp.2d 177, 189 (E.D.N.Y. 2009); Greyhound Exhibitgroup, 973 F.2d at 158, 160.  Here, the materials submitted with the Complaints together with the affidavits in support of the motions for default are sufficient to establish damages on the promissory notes because those amounts (principal owed on the notes and interest) are susceptible to mathematical computation.  The submissions are insufficient, however, to establish a right to attorney's fees or costs.[1]  The papers in support in the motion for default judgment do not adequately establish: (1) that the underlying promissory notes included an agreement by defendants to pay reasonable attorneys' fees; (2) the proper amount of any such fees (i.e., what is a reasonable attorney's fee); (3) that the government incurred a filing fee; or (4) any fees incurred in connection with the service of process.  The government shall have the opportunity to substantiate its claims for fees and costs by filling additional supporting documents within fourteen days of the date of this Order.  If the government does file additional papers, Defendants shall then have twenty-eight days from the date of this Order to challenge the claim for fees and costs.

For the foregoing reasons, the motions for default judgment are GRANTED with respect to the arrears on the promissory notes as follows:

| **Case Number** | **Judgment Amount**[2] |
|---|---|
| I.  12-cv-130 (Roland) | $13,013.22 as of May 26, 2011, plus additional interest in the amount of $0.87 per day from May 26, 2011 through the date of judgment; |

---

[1] Originally, the United States sought attorneys' fees in each of the cases.  The motion for attorney fees was withdrawn in cases 12-cv-144 and 12-cv-153.

[2] These figures are based on the calculations of principal and interest as set forth in the Certificates of Indebtedness attached to the Complaints.

| | | |
|---|---|---|
| II. | 12-cv-134 (Dowstra) | $38,402.58 as of May 26, 2011, plus additional interest in the amount of $4.53 per day from May 26, 2011 through the date of judgment; |
| III. | 12-cv-140 (Snyder) | $5,078.39 as of May 27, 2011, plus additional interest in the amount of $0.41 per day from May 27, 2011 through the date of judgment; |
| IV. | 12-cv-153 (Kelleher) | $44,645.06 as of March 22, 2010, plus additional interest in the amount of $2.87 per day from March 22, 2010 through the date of judgment; |
| V. | 12-cv-144 (Lyons) | $80,787.69 as of July 2, 2010, plus additional interest in the amount of $14.79 per day from July 2, 2010 through the date of judgment. |

In the event the government does not submit additional documentation in support of its claim for fees and costs within fourteen days, the Clerk of the Court shall enter judgment as set forth above without further order of the Court.

IT IS SO ORDERED.

Dated: April 10, 2012

_____
Thomas J. McAvoy
Senior, U.S. District Judge